## Kennedy Mortgage Company v. Washington

*Frank Federman*, for plaintiff.
*William M. Grasch*, for defendants.

KREMER, *J.*, November 23, 1979—Defendants have filed preliminary objections to plaintiff's complaint in foreclosure. They allege that Kennedy Mortgage Company (Kennedy) failed to give proper notice of intention to foreclose, as required by the Act of January 30, 1974, P.L. 13, as amended, 41 P.S. §401 et seq. Defendants contend that compliance with the provisions of the act is a jurisdictional prerequisite to bring this action.

John Washington and Carolyn Washington, his wife, executed and delivered a mortgage on premises 2103 Church Lane, Philadelphia, Pa., to Kennedy Mortgage Company on September 16, 1976. The mortgage was duly recorded.

Plaintiff alleges that the mortgage is in default because monthly payments of principal and interest due December 1, 1978, January 1, 1979, and February 1, 1979, were not paid. Plaintiff demands judgment in the sum of $13,407.27, with interest and costs.

On February 14, 1979, plaintiff sent by registered mail a "Notice of Intention to Foreclose and Accelerate Loan Balance" to defendants.

Defendants allege that the notice did not comply with the requirements set forth in sections 403 and 404 of the Act of 1974. We agree. Sections 403 and 404 provide as follows:

"403 Notice of intention to foreclose

"(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

"(b) Notice of intention to take action as specified in subsection (a) of this section shall be in writing, sent to the residential mortgage debtor by registered or certified mail at his last known address and, if different, at the residence which is the subject of the residential mortgage.

"(c) The written notice shall clearly and conspicuously state: (1) The particular obligation or real estate security interest; (2) The nature of the default claimed; (3) The right of the debtor to cure the default as provided in section 404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default;

(4) The time within which the debtor must cure the default; (5) The method or methods by which the debtor's ownership or possession of the real estate may be terminated; and (6) The right of the debtor, if any, to transfer the real estate to another person subject to the security interest or to refinance the obligation and of the transferee's right, if any, to cure the default.

"(d) The notice of intention to foreclose provided in this section shall not be required where the residential mortgage debtor, has abandoned or voluntarily surrendered the property which is the subject of a residential mortgage.

"404 Right to cure a default

"(a) Notwithstanding the provisions of any other law, after a notice of intention to foreclose has been given pursuant to section 403 of this act, at any time at least one hour prior to the commencement of bidding at a sheriff sale or other judicial sale on a residential mortgage obligation, the residential mortgage debtor or anyone in his behalf, not more than three times in any calendar year, may cure his default and prevent sale or other disposition of the real estate and avoid acceleration, if any, by tendering the amount or performance specified in subsection (b) of this section.

"(b) To cure a default under this section, a residential mortgage debtor shall: (1) Pay or tender in the form of cash, cashier's check or certified check, all sums which would have been due at the time of payment or tender in the absence of default and the exercise of an acceleration clause, if any; (2) Perform any other obligation which he would have been bound to perform in the absence of default or the exercise of an acceleration clause, if any;

(3) Pay or tender any reasonable fees allowed under section 406 and the reasonable costs of proceeding to foreclosure as specified in writing by the residential mortgage lender actually incurred to the date of payment. (4) Pay any reasonable late penalty, if provided for in the security document.

"(c) Cure of a default pursuant to this section restores the residential mortgage debtor to the same position as if the default had not occurred."

The purpose of the act is to provide protection for debtors. The title of the act is as follows:

"An Act regulating agreements for the loan or use of money; establishing a maximum lawful interest rate in the Commonwealth; providing for a legal rate of interest; detailing exceptions to the maximum lawful interest rate for residential mortgages and for any loans in the principal amount of more than fifty thousand dollars and federally insured or guaranteed loans and unsecured, uncollateralized loans in excess of thirty-five thousand dollars and business loans in excess of ten thousand dollars; providing protections to debtors to whom loans are made including the provision for disclosure of facts relevant to the making of residential mortgages, providing for notice of intention to foreclose and establishment of a right to cure defaults on residential mortgage obligations, provisions for the payment of attorney's fees with regard to residential mortgage obligations and providing for certain interest rates by banks and bank and trust companies; clarifying the substantive law on the filing of and execution on a confessed judgment; prohibiting waiver of provisions of this act,

specifying powers and duties of the Secretary of Banking, and establishing remedies and providing penalties for violations of this act."

In accordance with article IV of the act entitled "Protective Provisions," a mortgage lender who intends to accelerate the maturity of a residential mortgage obligation must provide at least 30 days notice to the debtor before foreclosure. The notice must contain certain specified disclosures which advise the debtor of his rights and obligations in relation to curing the default.

In Charles H. Salmon Building and Loan Asso. v. Mroz, 6 D. & C. 3d 59, 60 (1977), the court (per Bullock, *J.*) examined the status of debtor's rights:

"We take judicial notice of the fact that in recent years a variety of both Federal and state laws have been enacted to minimize injustice to noncommercial consumers, especially those of limited means. These acts have recognized the fact that transactions between businesses and consumers were often conducted without the consumers' understanding their legal rights or the legal consequences of their actions. By the time consumers hired lawyers, if they could afford to do so, and were advised of their rights, it was often too late. We believe that the Act of 1974, supra, was intended to address this situation with respect to foreclosures of residential mortgages of people of moderate means."

The reference to a debtor's plight in the Mroz case illustrates the need to strictly construe the requirements of the act so as to more fully protect the debtor. Lack of knowledge should not serve to deprive a mortgagor and his family of their home be-

cause they do not comprehend the procedures outlined in the notice to cure the default. See Fidelity Bond and Mortgage v. Clark, 7 D. & C. 3d 742 (Prattis, *J.*, 1978).

The Act of 1974 was expressly designed to prevent such an onerous situation. In Ministers and Missionaries Benefit Board v. Goldsworthy, 253 Pa. Superior Ct. 321, 332, 385 A. 2d 358, 364 (1978), then President Judge Jacobs stated on behalf of the court:

"A principal function of Section 403 notice is to make the mortgagor aware of the existence of a default and his right to cure it; he is not to be cursed by inadvertent delinquency. After receipt of this notice, the mortgagor can prevent foreclosure and avoid acceleration by tendering the appropriate amount or performance specified in Section 404(b)."

We read the history, purpose and language of the act to intend a set of maximum technical restrictions on the operation of the foreclosure mechanism. There is a massive excusatory intent to vitiate the rigors of foreclosure and to mitigate the harshness of the economic imbalance between mortgagor and mortgagee.

Defendants contend that (1) the notice fails to state, with specificity, the months defendants are in default; (2) the notice fails to advise defendants that a transferee would have the right to cure the default; (3) the notice fails to state that the default may be cured by anyone on defendants' behalf; (4) the notice does not provide all necessary disclosures clearly and conspicuously.

Although the act does not state that the notice must specify the default months, section 403(c)(2) requires the notice to contain a "clear and conspicuous" statement of the nature of the default. Consequently, in order to clearly understand the nature of the default, the debtor must be informed of the specific months allegedly in default. It is not sufficient for the notice to baldly state that he is in default. It is imperative that the notice contain precise disclosures and references which will enable the debtor to check his records and to act expediently. Plaintiff's notice in this case was as follows:

"As of the date of this notice, The Mortgage IS IN DEFAULT STATUS because of non-payment of the following:

| | | | |
|---|---|---|---|
| (3) | Monthly payments | $146.00 each | $438.00 |
| (2) | Late Charges | 5.84 each | 11.68 |
| | Advances | | —— |
| | Other | | —— |
| | Total amount due | | $449.68" |

This notice did not specify the default months and was in contravention of the terms and intent of the act.

Section 403(c)(6) requires the notice to "clearly and conspicuously" state the debtor's right to transfer the real estate to another person and the transferee's right to cure. The notice in this case advises defendants of their right to transfer the real estate to another person; however, it does not state that the transferee can cure the default. This is a violation of the act and we regard it as a crucial and inexcusable omission.

The notice also fails to notify defendants that the default may be cured by anyone in their behalf, despite the fact that section 404(a) in conjunction with section 403(c)(3) requires such notification.

The mortgagee has therefore improperly failed to advise the mortgagors as to an alternative means to cure the default.

The notice does not "clearly and conspicuously" specify all of defendants' rights and remedies, as required by section 403(c). In Charles H. Salmon Building & Loan Asso. v. Mroz, supra, at p. 62, the court defined the phrase "clearly and conspicuously":

"Simply incorporating the statement of debtor's rights in a letter without any emphasis, as was done in the present case, does not, in our view, meet the requirements of the act. We hold that such statement must be in relatively large letters or underscored or in a different color from the rest of the notice or emphasized in some other way that would cause the attention of a reader of ordinary intelligence to be drawn to it."

The notice contains four separate phrases in bold type*; the bulk of the notice, comprised of seven paragraphs (plus) purportedly disclosing defendants' rights, is not underscored nor emphasized in any way. We therefore also conclude that the notice fails to conform to the requirements of sections 403 and 404 insofar as it does not contain a clear and conspicuous statement as to defendants' rights and obligations.

Unless the debtors' rights are emphasized in some manner, he may not become cognizant of or fully appreciate them. The act demands that

---

*"NOTICE OF INTENTION TO FORECLOSE AND ACCELERATE LOAN BALANCE"; "THE MORTGAGE IS IN DEFAULT STATUS"; "TOTAL AMOUNT DUE"; "WITHIN THIRTY (30) DAYS."

debtors be made fully aware of their rights. By de-emphasizing these rights, the mortgagee has violated the stringent requirements of the act.

In accordance with all of the foregoing, we enter the following

ORDER

And now, November 23, 1979, defendants' preliminary objections to the complaint in foreclosure are sustained and plaintiff's complaint is dismissed.